UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------x
In re:                                                                              Chapter 7

    SELENA J. MORRA,
                                                            Case No.
                              Debtor.                             804-81042-288
-----------------------------------------------x

## MEMORANDUM OF DECISION AND ORDER

### Issue

The Chapter 7 trustee (trustee) filed a motion (motion) objecting to the debtor's claimed exemption from the bankruptcy estate on funds contained in her employee-run 401(k) pension plan (pension plan). On July 25, 2006, the debtor filed opposition to the motion, asserting that her exemption should be allowed under New York law.

The Court held a hearing on the motion on August 24, 2006. Based on the record of the hearing and after reviewing the supporting memoranda filed with respect to this motion, the Court denies the motion for the reasons that follow.

### Background

On February 23, 2004, the debtor, Selena Morra, filed a voluntary petition for relief under Chapter 7. The debtor has an Internal Revenue Code § 401(k) plan that was established by her employer, Verizon through Fidelity Investment. The debtor established the plan approximately four years before the filing of the debtor's bankruptcy petition, and has contributed $446 each month over the past four years. The debtor

1

originally listed the value of the pension plan to be $3,000. On March 1, 2004, the first meeting of creditors was held. During this meeting, the debtor testified that the value of the pension plan was approximately $23,000.

The trustee seeks an order denying the debtor's claimed §401(k) plan exemption in the amount of $23,345.54. The trustee maintains that the debtor's interest in and right to receive payments under the plan are not exempt because payment under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service only exempts payments from certain plans and not the assets held in the debtor's pension plan. The trustee further maintains that the debtor can withdraw funds from the plan at anytime and, therefore, the debtor's interest under the plan should not be exempt from the debtor's bankruptcy estate.

The debtor opposes the motion on the ground that under New York State law, §401(k) plans are exempt property of a debtor in bankruptcy. The debtor further asserts that any withdrawals of funds made from the plan before retirement do not have the effect of rendering the plan non-exempt.

**Discussion**

The state of New York has "opted out" of the federal exemption scheme. 11 U.S.C. § 522(b)(1). In New York, property claimed exempt from the bankruptcy estate is governed by New York's Debtor and Creditor Law §282 (2) (e) (NYDCL). The statute essentially mirrors that of the federal statute and provides:

> 1) the payments sought to be exempted must be under a stock bonus, pension, profit sharing, or similar plan or contract, and 2) the payments sought to be exempted must be on account of illness, disability, death, age or length of service.

In bankruptcy cases, NYDCL § 282 exempts property that is exempt under N.Y.C.P.L.R. § 5205[1] from being applied by anyone other than the judgment debtor to satisfy money judgments. *Dubroff v. First Nat'l Bank of Glens Falls (In re Dubroff)*, 119 F.3d 75, 79 (2d Cir. 1997). In *In re Dubroff*, the Second Circuit held that the debtor's retirement plan was exempt from the debtor's bankruptcy estate.[2] In *Dubroff*, the debtor sought to claim as exempt funds deposited into an Individual Retirement Account under NYDCL § 282(2) (e). In refusing to sustain the trustee's objection to the claimed exemption, the Second Circuit declined to follow the Bankruptcy Court's decision holding that IRAs were not exempt under § 282. *Dubroff,* 119 F.3d at 80.

In this case, the trustee first argues that the debtor's interest in the §401(k) plan should not be exempt under NY DCL §282 because that section only exempts the right to payments, not the assets held in the plan. To support its argument, the trustee relies on the Vermont Bankruptcy Court's decision in *In re Delaney,* in which the court granted the trustee's motion to deny the debtor's claimed exemption. This Court need not discuss the trustee's misplaced reliance on *In re Delaney* because Judge Brown's ruling was

---

[1] NYCPLR §5205 (c) exempts from application of a money judgment "all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either any trust or plan, which is qualified as an individual retirement account under section four hundred eight or section four hundred eight A of the United States Internal Revenue Code of 1986, as amended, a Keogh (HR-10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986."

[2] *See In re Maurer*, 268 B.R. 339 (Bankr. W.D.N.Y. 2001) (holding that the debtor's deferred-compensation plan was exempt from the bankruptcy estate "on account of age").

reversed by the United States District Court for the District of Vermont. *In re Delaney*, 258 B.R. 593 (Bankr.D.Vt. 2000), *rev'd* and *remanded*, 268 B.R. 57 (D.Vt. 2001).

A case on point is *In re Ruffo,* 261 B.R. 580 (Bankr. E.D.N.Y. 2001).  The debtor sought to claim the funds contributed in his deferred-compensation plan as exempt from the bankruptcy estate. The Court, in reliance on the Second Circuit's analysis in *Dubroff*, overruled the Chapter 7 trustee's objection to the debtor's claimed exemption.  *Ruffo* at 587.   The Bankruptcy Court held that the debtor's interest in a deferred compensation plan was not exempt and declared that there is "no meaningful distinction between the debtors' right to receive or interest in payments under the plan and his interest in the plan."  *Ruffo,* at 584-585.

The trustee's second argument is that the debtor's right to receive payment and interest in the plan are not exempt under NYDCL § 282 because the debtor has no right to payments "on account of illness, disability, death, age, or length of service.   The trustee relies on the Bankruptcy Court's decision in *In re Kleist*, 114 B.R. 366, 368-369 (Bankr. N.D.N.Y. 1990), holding that when the debtor can withdraw funds from the plan at anytime, the plan is not exempt from the bankruptcy estate.  First, *Kleist* presents a factually dissimilar case from the case presently before the Court; here the debtor seeks to claim funds deposited in its employee savings plan as exempt under NYDCL §282.  The plan was entitled 'General Electric's Savings and Security Plan' and contained as its stated purpose, it was "to provide employees with an opportunity for convenient, regular,

4

and substantial savings." The Bankruptcy Court agreed that the plan, unlike the plan in this case, was nothing more than a *personal* savings plan. *Kleist*, 114 B.R at 368.

The trustee's position is further weakened by the United States Supreme Court's ruling in *Rousey v. Jacoway,* 544 U.S. 320, 328, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005). In *Rousey*, a husband and wife filed a joint petition for Chapter 7 bankruptcy and claimed the distributions in their IRAs as property exempt from the bankruptcy estate. The Supreme Court held that a debtor's right to receive payment, beginning at age 59 ½ without penalty, under an Individual Retirement Account (IRA) was the right to receive payment because of, or "on account of," their age, and was therefore, within the meaning of the exemption provision of the Bankruptcy Code. *Id*.

The federal exemption law at issue in *Rousey* is 11 U.S.C. § 522(d)(10)(e), which provides in part:

> a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless-
> (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
> (ii) such payment is on account of age or length of service; and
> (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

In overruling the trustee's objection to the debtor's exemption, the Court explained that because the condition is removed when the debtor reaches a certain age,

5

the right to payment of the balance in the plan is "on account of" age. *Rousey*, 544 U.S. at 328. The Supreme Court noted "[t]hus, that there are other circumstances in which the Rouseys can receive payment does not change our conclusion that they have a right to payment on account of age, … . Moreover, §522(d)(10)(e) requires that the right to payment be on account of age—not that it be solely on account of this factor." *Rousey*, 544 U.S. at 329, n.3.

The *Rousey* Court, in determining whether to grant the Chapter 7 Trustee's objection to the exemption, carefully reviewed the terms of the statute and interpreted the language "on account of" to mean "because of." The Court explained that this meaning comports with both the common understanding of the phrase "on account of" as well as Congress' intent. Therefore, "on account of" confers on the debtor the right to receive payments from the plan "because of" illness, disability, death, age, or length of service." *Rousey,* 544 U.S. at 326-327.

**Conclusion**

Based on the United States Supreme Court's ruling in *Rousey,* the Second Circuit Court of Appeal's ruling in *Dubroff* and the Bankruptcy Court's decision in *Ruffo*, a debtor can claim as exempt, from its bankruptcy estate "a payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract." The debtor's pension plan satisfies this requirement and contains restrictions that limit the debtor's ability to withdraw funds. For these reasons, the trustee's motion objecting to the debtor's claimed exemption in the §401(k) pension plan is denied.

So Ordered.

Dated: Central Islip, New York
       October 20, 2006

                                        ***s/ Stan Bernstein***
                                        STAN BERNSTEIN
                                        United States bankruptcy Judge

TO:
Peter Corey, Esq.
Pryor & Mandelup
675 Old Country Road
Westbury, NY 11590

Richard S. Feinsilver, Esq.
1 Old Country Road
Suite 125
Carle Place, NY 11514