| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------x<br>In re<br><br>    SELENA J. MORRA,<br><br>                        Debtor.<br>-------------------------------------------------------------x | **NOT FOR PUBLICATION**<br><br>Case No. 04-81042-CEC<br><br>Chapter 7 |

## DECISION

APPEARANCES:

| | |
|---|---|
| Richard S. Feinsilver<br>1 Old Country Road<br>Suite 125<br>Carle Place, NY 11514<br>Attorney for Debtor | Robert L. Pryor<br>Pryor & Mandelup LLP<br>675 Old Country Road<br>Westbury, NY 11590<br>Attorney for Trustee |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

1

On October 20, 2006, the Honorable Stan Bernstein, to whom this case was then assigned, entered an order denying the chapter 7 trustee's objection to the debtor's claimed exemption of her 401(k) plan.  That order was appealed, and the matter now comes before this Court on remand from the District Court, which has instructed this Court to resolve a question not addressed by Judge Bernstein: whether, under Rule 5205(c)(5) of New York Civil Practice Law and Rules ("CPLR"), which limits the exemption available for a 401(k) plan under CPLR 5205(c)(1), the debtor's claimed exemption for her 401(k) plan should be disallowed on the basis that her 401(k) contributions were fraudulent conveyances.  Because CPLR 5205(c) has no application to the debtor's 401(k) exemption, which is available to her under § 282(iii)(2)(e) of New York Debtor & Creditor Law ("DCL"), the chapter 7 trustee's objection to the debtor's exemption based on CPLR 5205(c) is denied.

This conclusion does not, however, resolve all fraudulent conveyance issues relating to the debtor's 401(k) plan.  The chapter 7 trustee has commenced an adversary proceeding, <u>Pryor v. Morra</u>, Adv. Pro. No. 06-08099, seeking to recover the debtor's contributions to her 401(k) plan as fraudulent conveyances pursuant to §§ 273, 275, 276-a, 278 and 279.  In accordance with the District Court's mandate to conduct "further proceedings consistent with [the District Court's] order," that adversary proceeding will be set down for a pretrial conference to determine an appropriate schedule for the completion of discovery and for trial.

<u>Procedural History</u>

This chapter 7 case was voluntarily commenced on February 23, 2004, prior to the effective date of the 2005 amendments to the Bankruptcy Code.  The debtor claimed as exempt a

2

Verizon Savings and Security Plan for New York and New England under § 401(k) of the Internal Revenue Code of 1986, as amended ("401(k) plan"), containing $23,000.

On June 7, 2006, the chapter 7 trustee (the "Trustee") moved to disallow the debtor's claimed exemption for the funds in the 401(k) plan. The Trustee argued that the exemption on which the debtor relied, DCL § 282(iii)(2)(e), only exempts the right to receive payments from the 401(k) plan, and not the assets held in the plan. The Trustee also argued that the debtor's interest in the 401(k) plan was not exempt under DCL § 282(iii)(2)(e) because the debtor did not have the right to payments under the plan "on account of illness, disability, death, age, or length of service" as of the date of the commencement of the bankruptcy case. Finally, the Trustee argued that in the event that the Court deemed CPLR § 5205(c)(1) to be applicable to the claimed exemption, it should be disallowed pursuant to CPLR § 5205(c)(5), because, according to the Trustee, all contributions made by the debtor to the 401(k) plan constituted fraudulent conveyances under Article 10 of the DCL.

Judge Bernstein, before whom the Trustee's motion was heard, rejected the Trustee's challenge to the exemption under DCL § 282(iii)(2)(e). Relying on In re Ruffo, 261 B.R. 580, 584-585 (Bankr. E.D.N.Y. 2001), Judge Bernstein held that "there is 'no meaningful distinction between the debtors' right to receive or interest in payments under the plan and [her] interest in the plan.' " Mem. Decision and Order dated October 20, 2006, at p.4.

Judge Bernstein also rejected the Trustee's second argument, that the 401(k) plan was not exempt under DCL § 282(iii)(2)(e), because the debtor did not have the right as of the filing date to receive payments "on account of illness, disability, death, age, or length of service." In so doing, Judge Bernstein relied upon Rousey v. Jacoway, 544 U.S. 320 (2005), in which the

Supreme Court held that the "on account of" requirement of the federal exemption statute was satisfied by an Individual Retirement Account providing for distributions, without penalty, at the age of 59 ½, even though the debtors in that case had the right to receive payment in other situations as well, finding that the statute "requires that the right to payment be on account of age - not that it be solely on account of this factor."  Based on this reasoning, Judge Bernstein held that the debtor's 401(k) satisfied the "on account of" requirement of DCL § 282(iii)(2)(e).

Judge Bernstein did not, however, address the applicability of CPLR § 5205(c)(5) to the debtor's claimed exemption, or otherwise determine whether the debtor's contributions to her 401(k) plan constituted fraudulent conveyances.  Because the Trustee's principal argument on appeal was that the bankruptcy court erred in failing to disallow the debtor's claimed exemption of her 401(k) plan under CPLR § 5205(5), the District Court remanded this case for resolution of this issue.

## Discussion

The State of New York has "opted out" of the federal exemption scheme, as it is entitled to under § 522(b)(1) of the Bankruptcy Code.  In New York, exemption of property from the bankruptcy estate is governed by DCL § 282, which provides, in relevant part, as follows:

> [A]n individual debtor domiciled in this state may exempt from the property of the estate . . . only (i) personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules, (ii) insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law and (iii) the following property:

\* \* \* \* \*

> 2. Bankruptcy exemption for right to receive benefits.  The debtor's
> right to receive or the debtor's interest in . . . (e) all payments under
> a stock bonus, pension, profit sharing, or similar plan or contract
> on account of illness, disability, death, age, or length of service
> unless (i) such plan or contract, except those qualified under
> section 401, 408 or 408A of the United States Internal Revenue
> Code of 1986, as amended, was established by the debtor or under
> the auspices of an insider that employed the debtor at the time the
> debtor's rights under such plan or contract arose, (ii) such plan is
> on account of age or length of service, and (iii) such plan or
> contract does not qualify under section four hundred one (a), four
> hundred three (a), four hundred three (b), four hundred eight, four
> hundred eight A, four hundred nine or four hundred fifty-seven of
> the Internal Revenue Code of nineteen hundred eighty-six, as
> amended.

N.Y. DEBT. & CRED. LAW § 282(iii)(2)(e).  As Judge Gerling noted in In re Moore, 177 B.R. 437, 440 (Bankr. N.D.N.Y. 1994), this provision creates three separate sources of exemptions for New York debtors:  CPLR §§ 5205 and 5206; New York Insurance Law § 3212; and DCL § 282(iii)(1),(2) and (3).

The debtor claimed exemption of her 401(k) plan under DCL § 282.  That provision includes § 282(iii)(2)(e), which provides for exemption of "[t]he debtor's right to receive or the debtor's interest in . . . all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service."  N.Y. DEBT. & CRED. LAW § 282(iii)(2)(e).[1]

Separately, CPLR § 5205 permits a debtor to exempt certain types of retirement plans, including 401(k) plans:

---

[1] The debtor did not specify a particular subdivision of DCL § 282 as the basis for her claim of exemption. In accordance with the rule of that exemptions are to be liberally construed in favor of the debtor, In re Keil, 88 F.2d 7, 8 (2d Cir. 1937); In re Rundlett, 153 B.R. 126, 130 (S.D.N.Y. 1993); In re Hunt, 250 B.R. 482, 485 (Bankr. E.D.N.Y. 2000), this Court interprets the debtor's Schedule C to claim exemption of the debtor's 401(k) under all applicable provisions of DCL § 282, including DCL § 282(iii)(2)(e).

> 1. Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.
>
> 2. For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either any trust or plan, . which is qualified as  . . . . [a] retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor . . . .

N.Y. Debt. & Cred. Law § 5205(c)(1), (2).

CPLR § 5205(2) is limited by the provisions of CPLR § 5205(5):

> Additions to an asset described in paragraph two of this subdivision shall not be exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered, or (ii) deemed to be fraudulent conveyances under article ten of the debtor and creditor law.

N.Y. Debt. & Cred. Law § 5205(c)(5).

CPLR § 5205(5), however, has no application to DCL § 282(iii)(2)(e), which is an entirely separate statutory basis for exemption of property from the bankruptcy estate. The relationship between DCL § 282(iii)(2)(e) and CPLR § 5205 was explained by the Second Circuit in <u>In re Dubroff</u>, 119 F.3d 75 (2d. Cir. 1997). There, the court held that an IRA, as a plan qualified under section 408 of the Internal Revenue Code, may be exempted under § 282(iii)(2)(e). In so doing, the Court rejected the argument that the 1994 amendment to CPLR § 5205(2), which expressly exempted IRAs from assets against which judgments may be enforced

in New York, would be mere surplusage if § 282(iii)(2)(e) already provided for the exemption of IRAs in bankruptcy. The court explained:

> The surplusage argument fails because the amendment exempts IRAs from a broader category of actions than the bankruptcy actions covered by § 282. The amendment to § 5205 broadly exempts IRAs from the reach of judgment creditors whether or not a person has filed for bankruptcy and therefore our interpretation of § 282(2)(e) to exempt IRAs from the bankruptcy estate does not render the 1994 amendment surplusage.

Dubroff v. First Nat'l Bank of Glens Falls (In re Dubroff), 119 F.3d 75, 79 (2d Cir. 1997).

Thus, DCL § 282(iii)(2)(e), though it includes provisions which overlap CPLR § 5205(2), is an entirely separate statutory basis for exemption. CPLR § 5205(5) has no application to § 282(iii)(2)(e), and does not limit the exemption that may be claimed under that provision. In so concluding, this Court is mindful of the ample authority that exemptions are to liberally construed in favor of the debtor. In re Keil, 88 F.2d 7, 8 (2d Cir. 1937); In re Rundlett, 153 B.R. 126, 130 (S.D.N.Y. 1993); In re Hunt, 250 B.R. 482, 485 (Bankr. E.D.N.Y. 2000); In re McNeill, 193 B.R. 654, 659 (Bankr. E.D.N.Y. 1996); In re Moore, 177 B.R. 437, 441 (Bankr. N.D.N.Y. 1994); In re Miller, 167 B.R. 782, 783 (Bankr. S.D.N.Y. 1994).

This does not mean, however, that the Trustee cannot commence an adversary proceeding to recover transfers made to the debtor's 401(k) as fraudulent conveyances, and in fact, such an adversary proceeding is pending. Because the District Court directed this Court to determine whether the debtor's contributions to her 401(k) constituted fraudulent conveyances, it is appropriate, consistent with the District Court's mandate, for this Court to resolve that adversary proceeding before this matter is taken up by the District Court. Accordingly, the parties are

directed to appear for a pretrial conference in <u>Pryor v. Morra</u>, at which an appropriate schedule for the completion of pretrial proceedings and for trial of this adversary proceeding will be set.

Given this conclusion, it is unnecessary, in the context of this motion, to address the debtor's argument, made for the first time on remand, that the debtor's 401(k) is excluded from property of the estate.

<u>Conclusion</u>

For the foregoing reasons, the Trustee's motion to disallow the debtor's exemption of the 401(k) plan is denied. A separate order will issue.

Dated: Brooklyn, New York
      September 5, 2008

                              ***s/Carla E. Craig***
                              CARLA E. CRAIG
                              Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re

   Case No. 04-81042-CEC

  SELENA J. MORRA,

   Chapter 7

      Debtor.
-------------------------------------------------------------x

## MAILING CERTIFICATE

  I, Vivian Greene, hereby affirm that on September 5, 2008 a copy of a Decision and an Order was delivered to the parties named below by United States Postal Service first class mail, telecommunication, facsimile or any other delivery method, as follows:

Richard S. Feinsilver
1 Old Country Road
Suite 125
Carle Place, NY 11514

Robert L. Pryor
Pryor & Mandelup LLP
675 Old Country Road
Westbury, NY 11590

Dated: Brooklyn, NY
   September 5, 2008

            \s\***Vivian Greene***
            Vivian Greene